In the Matter of the Claim of Thomas Shanley, Claimant, against 60th Lane Corp., Employer, and Maryland Casualty Company, Carrier.

Workmen's Compensation Board.

Third Department, May 15, 1946.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Assistant Attorney-General* of counsel), for Workmen's Compensation Board.

*George J. Stacy,* attorney (*William S. Sinclair* of counsel), for 60th Lane Corp. and Maryland Casualty Company.

*John M. Cullen,* attorney for Special Disability Fund.

*Per Curiam.* The Workmen's Compensation Board has certified the following questions of law:

" 1. When an award is made under Section 15, subdivision 8, of the Workmen's Compensation Law for permanent total disability due to the loss of a second member or organ, and the compensation rate for such permanent total disability is in excess of the compensation rate for the schedule award for the loss of such member or organ, is the claimant entitled to the compensation rate for permanent total disability from the date of the loss of such second member or organ, or from the date of termination of the schedule award for the loss of such second member or organ?

" 2. If the claimant is entitled to the compensation rate for permanent total disability from the date of the loss of such second member or organ, is the portion of the rate which is in excess of the maximum rate for the schedule award to be charged, during the period of such schedule award, to the employer and insurance carrier, or to the special fund established by Section 15, subdivision 8? "

The claimant previously incurred a permanent partial disability from the loss of the left eye and thereafter, as the result of the accident here involved, suffered total loss of vision of the right eye. A schedule award was made against the employer for 160 weeks: 21 1/6 weeks and compensation at the rate of $28 per week, being the period determined as total disability, and thereafter for the remaining 138 5/6 weeks the rate of compensation was $25 per week. Paragraph (c) of subdivision 8 of section 15 of the Workmen's Compensation Law provides " if an employee who has previously incurred permanent partial disability through the loss of * * * one eye, incurs permanent total disability through the loss of another member or organ, he shall be paid, in addition to the compensation for permanent partial disability provided in this section and after the cessation of the payments for the pre-scribed period of weeks special additional compensation during the continuance of such total disability * * * ". Total disability is to be compensation at a rate not to exceed $28 per

week (§ 15, subd. 6). Subdivision 8-a of section 15 of the Workmen's Compensation Law, in effect as of the date of this accident (L. 1944, ch. 749), provided, in part: " An award or awards shall be made against the employer and his insurance carrier, if any, for the number of weeks only prescribed in this chapter for the disability resulting from the subsequent injury as if there had been no previous disability ". (Now contained in § 15, subd. 8; L. 1945, ch. 872.) Thereunder, when the employer and insurance carrier paid the $28 a week for total disability during the healing period and $25 a week for the remainder of the 160 weeks of the schedule award, they had complied in full with the requirements of the statute. The same subdivision 8-a of section 15 further provides: " For any period of disability thereafter, awards shall be made against the special fund created by subdivision eight of this section, and compensation under such awards shall be paid out of such special fund to such employee." The liability of the Special Fund began at the completion of the 160-week period of the schedule award and the rate was $28 a week because the disability was total. The earlier rate, after the healing period, paid by the employer and carrier is regarded by the act as for partial permanent disability and the rate is $25 a week.

The answer to question 1 is that claimant is entitled to $28 a week payable from the special fund from the date of termination of the schedule award. No answer is required to the second question.

All concur.

Question 1 answered that claimant is entitled to $28 a week payable from the Special Fund from the date of the termination of the schedule award, and at the rate of $25 a week payable by the employer and carrier during the time covered by the schedule award after the healing period.

No answer is required to question 2.